HIRAM BIGELOW, Admr.

v.

ANNA CADY et al.

*Opinion filed December 22, 1897.*

1. POWERS—*discretionary power vested in executrix does not pass to administrator with will annexed.* A discretionary power vested in an executrix to sell land does not, upon the executrix resigning, pass to her succeeding administrator with the will annexed, in the absence of any provision therefor in the will.

2. PERPETUITIES—*perpetuity defined.* A perpetuity may be defined to be a limitation in a will or other conveyance which takes the subject matter of the grant or devise out of commerce for a period of time greater than a life or lives in being and twenty-one years thereafter.

3. SAME—*devise is void if violation of rule against perpetuities may possibly happen—trusts.* Where provisions of a testamentary character are such that under them a violation of the rule against perpetuities may possibly happen, the devise is void;—and this is true whether the devise is one which creates an absolute estate or a trust estate.

4. SAME—*when devise is void as creating a perpetuity.* A devise of land to executors in trust, to rent the same and divide the income among the beneficiaries, or, if any of the land is sold, to invest the proceeds and divide the interest in like manner, but which makes no provision for the vesting of the fee in any one at any time, nor fixes any time when the proceeds of land sold shall be paid to any one, is void, as creating a perpetuity.

5. SAME—*language showing intention to create a perpetuity.* Where a testator devises land to executors, to rent the same and divide the income among the beneficiaries, the fact he empowers the probate court, in case of death or disability of any executor, to appoint, from time to time "and for all time to come," some suitable person as successor, shows an intention to create a perpetuity.

APPEAL from the Circuit Court of Henry county; the Hon. JOHN J. GLENN, Judge, presiding.

N. F. ANDERSON, for appellant.

JOHN P. HAND, for appellees.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This was a bill for partition, filed in the Henry county circuit court. The bill alleges that Richard Mascall died on September 18, 1888, leaving a last will and testament, which was duly admitted to probate in the county court of Henry county, Illinois, (a copy of which is made part of the bill,) and that he left surviving him his widow, Mary J. Mascall, and three children as his heirs-at-law, who are appellees herein. The bill also alleges that the debts and legacies have been paid, and that the appellees are the owners in fee of the lands sought to be partitioned, comprising several hundred acres and numerous town lots. To the bill a demurrer was interposed, which being overruled the administrator excepted thereto and prosecutes this appeal.

The controversy in this case arises upon the construction of certain paragraphs of the will, and whether a perpetuity is created. The contention of the appellees is that a perpetuity was created, and therefore, as to the lands included within the clause of the will which created a perpetuity, such lands and town lots became intestate property.

The eighth paragraph of the will is as follows:

"*Eighth*—It is my will and desire that all the land and town lots that I may own at my death, (that I have not otherwise bequeathed,) in Illinois, Minnesota or Nebraska, or any other real estate wherever it may be, if there be any, it shall be taken charge of by the executrix or executor, as the case may be, shall either rent or sell the property, leaving that to the judgment of the executrix or executor. In either case, after paying taxes, and other repairs, and reasonable compensation for so doing, then the balance, if there be any, if rented and collected, then each year shall be equally divided as follows: one-fourth to my daughter Anna Cady, one-fourth to my daughter Martha M. Bristol, one-fourth to my son, James P. Mas-

call, and one-fourth to my wife, Mary J. Mascall. If any lands or lots should be sold, the money is to be put to interest as soon as it can be done conveniently. It is left to the judgment of the executrix or executor. When the interest is collected it shall be equally divided between my four heirs above mentioned in this paragraph, after paying all taxes, and reasonable compensation for so doing. In case of death of either of the four above named heirs it shall go (their share) to the heirs of the deceased heir, if they have any; if not, it shall be equally divided between my remaining heirs above mentioned, and their heirs forever, share and share alike. If my wife, Mary J. Mascall, dies leaving no heir of mine, then her share (one-fourth) shall go to my heirs and their heirs forever, share and share alike."

By the twenty-ninth clause of the will it is provided:

"*Twenty-ninth*—I hereby make, appoint and constitute my said wife, Mary J. Mascall, executrix of this my last will and testament, without bonds. At the death, or in case of disability, of the said Mary J. Mascall, in either case the judge of the probate court of Henry county, Illinois, shall appoint some good, suitable person to succeed her as executor. In case of death or inability of said executor the judge shall, from time to time and for all time to come, appoint a good, suitable person as a successor. In every appointment they shall give sufficient bonds to satisfy the judge of said probate court. I hereby make, publish and declare this, and none other, to be my last will and testament, consisting of twenty-two (22) pages. In testimony whereof I have hereunto set my hand and seal this twenty-sixth (26th) day of January, 1887."

Mary J. Mascall qualified as executrix under this will and acted for a time, and then resigned and elected to take under the law, when appellant was appointed administrator with the will annexed. By the eighth clause of the will the right to sell or lease the land in controversy is provided for, leaving it to the judgment of the

executrix named in the will as to whether it should be leased or sold. She resigning, no longer had a right to exercise the power of sale conferred by that clause, and the appointment of an administrator with the will annexed did not confer upon him the right to exercise the power to sell that was given by the provisions of that section to the executrix named in the will. *Hall* v. *Irwin*, 2 Gilm. 176; *Nicoll* v. *Scott*, 99 Ill. 529.

No provision is made for the vesting of these lands in any one. They are simply to be taken charge of by the executrix appointed under the will. No provision is made for the fee to vest in, or possession to come to, the heirs or any of the descendants at any time. Neither is there provision made that at a time in the future the proceeds of the lands, if converted into money, should be paid over to the heirs or their descendants. Hence this provision is one in which lands owned by the testator are to stand in perpetuity, to be rented by the executor or administrator of the testator. The intention of the testator is disclosed by the provision of the twenty-ninth clause of the will, that "in case of death or inability of said executor the judge shall, from time to time and for all time to come, appoint a good, suitable person as a successor." This is a declaration of an intention to create a perpetuity as to this land, on the part of the testator. Because of the resignation of the executrix named and the appointment of the administrator with the will annexed, the lots and lands included in the eighth clause are held by the administrator to be rented, and to collect the rents and divide the same, with no power in him to sell the lands without a decree of court. The debts having been paid, no right to sell would be conferred on him and no power to sell could be exercised by him.

Perpetuity is a limitation taking the subject matter of the perpetuity out of commerce for a period of time greater than a life or lives in being and twenty-one years thereafter. If, by any possibility, a devise violates the

rule against perpetuities it cannot stand. If there is a possibility that a violation of this rule can happen, then the devise must be held void. (*Waldo* v. *Cummings*, 45 Ill. 421; *Post* v. *Rohrbach*, 142 id. 600; *Dedford* v. *Dedford*, 26 Md. 176; *Sears* v. *Putnam*, 102 Mass. 6; Gray on Perpetuities, secs. 214, 369, 374.) Neither will the violation of the rule against perpetuities be tolerated when the property is covered by a trust, any more than when such violation actually appears in the creation of a legal estate. Courts of equity will not permit limitations of future equitable interests to transcend those of legal interests, which are upheld as executory devises and shifting and springing uses at law. *Howe* v. *Hodge*, 152 Ill. 252.

If it could be contended that by the eighth clause of this will the rents of the lands are devised to the persons named therein, and their heirs, absolutely, they to take the entire income, that would pass the land itself, for a devise of rents and profits, or the income of land, both at law and in equity, is a devise of the land. This rule is based upon the feudal law, under which the beneficial interest in the land consisted of the right to take rents and profits. It cannot be held that the rents and profits vested in the persons named in the eighth clause, and their heirs, forever, because the right of the heirs of Mary J. Mascall to take was dependent on her leaving children, heirs of the testator.

By the sixteenth clause of the will the dividend of ten shares of bank stock, or the interest derived from the proceeds, was to be forever used in caring for the family cemetery lot, and it is urged the provision of the twenty-ninth clause applies and has reference to the sixteenth clause, and not to the eighth. Inasmuch as the eighth clause does not provide for the vesting of the fee of the land at any time, or for the payment of the proceeds to any one at any time if the land should be sold, this latter contention cannot be sustained. The intention of the testator being disclosed by the provisions of the will, and

no time fixed for the lands or the proceeds derived from the sale of the same, included in the eighth clause of the will, to vest in any one, the rule against perpetuities is violated, and the lands included in that eighth clause became intestate, and were subject to partition by the legal heirs, and the demurrer to the bill was properly overruled.

The decree of the circuit court of Henry county is affirmed.

*Decree affirmed.*