FRANK FELLOWS FLANNER *et al.*

*v.*

NORMAN J. FELLOWS.

*Opinion filed December 16, 1903.*

1. WILLS—*when trustee under will takes legal title with power of sale.* A trustee under a will takes the legal title to the trust property with power of sale notwithstanding such power is not conferred by express terms, where the property consists largely of unproductive real estate and the trustee is directed by the will to invest the trust fund in "good bonds and mortgages."

2. SAME—*law favors vesting of estates.* The law favors the vesting of estates rather than that the title shall be in abeyance.

3. SAME—*when estate is vested.* Under a will devising one-quarter of the testator's estate in trust for the testator's sister, to be invested in bonds and mortgages and the interest to be paid to such sister during her life and after her death to her children, the sister takes a life estate, and the remainder vests in her living children subject to being opened to let in children subsequently born to her.

4. SAME—*when trust is not void for uncertainty.* A trust provision of a will is not void for uncertainty where the persons that are to take are ascertained and the trust is of such a character that it may readily be enforced by a court of equity.

5. SAME—*when trust provision of a will does not create a perpetuity.* A trust provision of a will does not create a perpetuity where the estate vests at the death of the testator and the possession, only, is postponed.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is a bill in chancery filed in the superior court of Cook county by Norman J. Fellows, as executor and trustee, against the heirs and devisees of Frank Fellows, deceased, to obtain a construction of the will of said Frank Fellows, which reads as follows:

"I, Frank Fellows, make and declare this to be my last will: To my wife, Emma, I will all our household effects, furniture, etc., and the use of the house we now live in during her life, she to pay the taxes on same, at her death said house and lot to go to my brother, N. J. Fellows; to my wife, Emma, I will absolutely my life insurance and one-half of the balance of my estate, both personal and real.

"One-quarter of my estate (after above settlement) I will to my brother, N. J. Fellows, absolutely, and hereby appoint said N. J. Fellows, without bond, my administrator and also trustee of the balance of my estate, said balance being a one-quarter of my entire estate, (except house and lot, insurance, furniture, etc., same being set aside before a division is made,) said one-quarter to be invested by said N. J. Fellows, trustee, in good bonds or mortgages, the interest on said investment to be paid over to my sister, Harriet Flanner, during her life, and after her death to be paid (said interest) to her children, share and share alike, or held in trust and paid over to them when they are of legal age at the option of my said brother, the principal may be paid over to said children, share and share alike, when they are twenty-five years of age, provided my sister is dead, but not otherwise; or my said brother may hold this interest in trust longer, and may provide for a trustee for this fund after his death, principal and interest included.

"Dated at Chicago Heights, Illinois, this 5th day of January, 1901.                                        FRANK FELLOWS.

Witness: N. W. STEPHENS, C. M. RIGBY."

The testator died childless March 5, 1902, leaving Emma Fellows, his widow, and the complainant, his brother, and Harriet Flanner, his sister, his sole heirs-at-law. Probate of the will was had on March 18, 1902, and letters testamentary were granted to the complainant. At the date of the death of the testator Harriet

Flanner had five children, all of whom were minors. The estate consisted of both personal property and real estate, and was of the value of about $70,000, a portion of the real estate being unimproved. There were no debts other than funeral expenses, etc. This appeal is prosecuted by the children of Harriet Flanner.

ABBOTT, BUCHHOLZ & ABBOTT, for appellants.

LOESCH BROS. & HOWELL, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It seems clear from a consideration of the entire will that the testator (after deducting his household furniture, homestead and life insurance,) intended that his estate should be divided into four equal parts; that his widow should receive two parts, his brother one part, and his sister and her children one part; that the widow and brother should receive the portions given to them absolutely, and that the brother, as trustee, should convert the remaining one-fourth into money and invest the proceeds in interest-bearing securities, and pay the income therefrom to the sister during her lifetime; that the interest upon the fund, upon the death of the sister, should be paid to her children or held by the brother until they were of legal age and then paid to them, but that the principal should not be paid to them, in any event, until they were twenty-five years of age, respectively; and in case the brother thought advisable to not pay to said children, or either of them, the principal upon their reaching the age of twenty-five years, he might continue to hold the property belonging to all or to any of said children, and for the purpose of preserving the fund might appoint a successor in trust to act after his death. We find nothing in the will, however, which indicates that the testator intended the fund should be

held in trust for a period beyond the death of the mother and her children.

While the will in express terms does not invest the legal title to the one-fourth set aside for the benefit of Harriet Flanner and her children in Norman J. Fellows, as trustee, and confer upon him a power of sale with reference thereto, we think it clear that such is its legal import. The evidence shows a large portion of the estate to consist of real estate, much of which is unproductive. The direction to Norman J. Fellows to invest the portion of the estate set aside by the testator for the benefit of his sister and her children, as "trustee, in good bonds or mortgages," could not be complied with by the complainant unless he had the legal title and could convey the fee. In *Hale* v. *Hale*, 146 Ill. 227, on page 246 it was said: "The rule is familiar, that where a will contains no words expressly creating a trust or devising the legal title to the executors or trustees, such devise may be implied, where the powers conferred and duties imposed on the executors are of such a character that a legal title is necessary to their proper exercise or performance."

In view of the doctrine announced in the foregoing case, which is in accord with a long line of decisions in this State, the legal title to the portion of the estate set aside for the benefit of Harriet Flanner and her children vested in Norman J. Fellows, and full power and authority were by implication conferred upon him to sell and convey the fee title thereto. If such were not the case the trust would wholly fail by reason of the inability of the trustee to execute the trust. The testator intended that one-fourth of his estate, after deducting his household furniture, homestead and life insurance, should go to his sister and her children. The law favors the vesting of estates rather than that the title should be in abeyance. In *Scofield* v. *Olcott*, 120 Ill. 362, on page 374 it was said: "It has long been a settled rule of construction in the courts of England and America, that estates,

legal or equitable, given by will, should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent on a future event." And in *Kellett* v. *Shepard*, 139 Ill. 433, on page 443: "Where it is a remainder after a life estate, it is regarded as a vested remainder, and the possession, only, is postponed. (*Abbott* v. *Bradstreet*, 3 Allen, 587.) The fact that the gift or devise must open to let in after-born children is not inconsistent with the vesting of the estate in interest at the testator's death, though the vesting in possession is deferred to the period of distribution." And in *Scofield* v. *Olcott, supra,* on page 370: "An estate is vested when there is an immediate right of present enjoyment or a present fixed right of future enjoyment."

In view of the rules above announced we think it clear that while the legal title, at the date of the death of the testator, vested in the trustee, the equitable title vested in Harriet Flanner and her children; that is to say, Harriet Flanner took a life estate therein and the remainder vested in her then living children, which remainder was liable to open to let in any children which might be subsequently born to her.    *Kellett* v. *Shepard, supra.*

It is urged that the clause, "or my said brother may hold this interest in trust longer, and may provide for a trustee for this fund after his death, principal and interest included," found in the last paragraph of the will, is void, for the reason, *first,* that it violates the principle that trusts must be certain and definite; and *second,* that it creates a perpetuity; and it is insisted that the trust will terminate upon the death of Harriet Flanner and so soon as her children attain the age of twenty-five years, respectively. While we do not pass upon the question whether or not a court of chancery might anticipate the time of payment in case the trustee should insist on holding together the body of the estate devised to Harriet Flanner, and her children after her death, if said chil-

dren had attained the age of twenty-five years, respectively, and it was made to appear that it was necessary to use the body of the estate for the maintenance of said children, or some one of them, (*Rhoads* v. *Rhoads*, 43 Ill. 239,) we are of the opinion said clause of the will is not void for the reasons suggested. It has been held, if the terms by which a trust is created are so vague and indefinite that a court of equity cannot clearly ascertain either its objects or the persons who are to take, the trust will fail. (2 Story's Eq. Jur. par. 979a.) Here the persons to take are Harriet Flanner and her children, and the trust is of such a character that its execution can readily be enforced by a court of equity, hence the trust created does not fall within the rule above announced. Neither does the will create a perpetuity. Perpetuities have been defined to be "grants of property wherein the vesting of an estate or interest is unlawfully postponed." (2 Washburn on Real Prop. 652.) And again: "Any limitation tending to take the subject of it out of commerce for a longer period than a life or lives in being and twenty-one years beyond, and, in case of a posthumous child, a few months more, allowing for the term of gestation." (2 Bouvier's Law Dic. p. 326.) In this case the estate vested upon the death of the testator, and only the possession was postponed. The inhibition is against the postponement of the vesting of estates and not against the postponement of possession. In *Lunt* v. *Lunt*, 108 Ill. 307, on page 313 it was said: "Was the vesting of this estate unlawfully postponed? * * * This will depend upon whether the estate vested in the daughters. If the title to the property became vested in the two daughters upon the death of the testator, with the full enjoyment thereof postponed to a future day, the will would not be regarded obnoxious to the rule of law for the prevention of perpetuities." Mr. Lewis, on page 144 of his work on Perpetuity, says: "The remoteness against which the rule is directed is remoteness in the commence-

ment or first taking effect of limitations, and not in the cesser or determination of them. An estate that is to arise within the prescribed period may be so limited as to be determined on the happening of any event, however remote." See, also, *Johnston's Estate*, 185 Pa. St. 179; 64 Am. St. Rep. 621.

The decree of the superior court not being in accord with the views herein expressed will be reversed, and the cause remanded to that court for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*