ELIZABETH DWYER *et al.*

*v.*

JOHN H. CAHILL, *et al.*

*Opinion filed October 23, 1907.*

1. PERPETUITIES—*perpetuity defined.* A perpetuity is a limitation taking the subject matter out of commerce for a greater period of time than a life or lives in being and twenty-one years thereafter; and such limitation applies to future interests in both real and personal property, whether legal or equitable and however created, but its. inhibition is against the postponement of the vesting of the estate and not against the postponement of possession.

2. WILLS—*when will does not create a perpetuity.* A will directing the testator's farm to be rented during the lifetime of his three daughters, who were in being at his death, the net income to be divided equally among the three daughters and the survivors, and in case of the death of any daughter her share of the rent to be paid to her children, if any, but upon the death of the last surviving daughter the farm was to be sold and the proceeds divided among the testator's grandchildren, does not create a perpetuity but vests a life estate in the daughters until the death of the survivor, while the grandchildren take a vested remainder which will open to let in after-born grandchildren.

3. SAME—*when equity will not suffer the trust to fail.* A valid trust created by will whereby the testator's farm is to be rented for the benefit of his daughters during their lifetime and until the death of the survivor, when the farm is to be sold and the proceeds divided among the testator's grandchildren, will not be allowed to fail by a court of equity because of the fact that no executor or trustee was appointed by the will, which attempted to confer the powers of the trustee upon the person who should be appointed by the county court to act as administrator, but in such case a court of equity will appoint a trustee.

APPEAL from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

D. D. DONAHUE, and H. M. MURRAY, for appellants:

All rights and interests in property not presently disposed of descend to the testator's heirs-at-law. *Pinkney* v.

*Weaver,* 216 Ill. 195; *Harrison* v. *Weatherby,* 180 id. 418; *Jackson* v. *Peterson,* 196 id. 40.

The property descends although a trust is created, if the equitable fee is disposed of only to contingent legatees. *Shepard* v. *Kellett,* 139 Ill. 433; *Loring* v. *Elliott,* 16 Gray, 568; *Bell's Appeal,* 147 Pa. St. 383.

An executory devise is a future interest which is to take effect, if at all, by the cutting short of another estate and is created by will. The testator's will shows that it was to take effect in the future by having the estate vested in a trustee, and if it can take effect will cut short the estate in the heirs, and is therefore an executory devise. Page on Wills, sec. ·578; Kales on Future Interests, sec. 162.

The executory devisee, the trustee, was a person uncertain and the contingent interest was but a mere possibility. The will created no right "in being" in the proposed trustee. *Godwin* v. *Banks,* 87 Md. 425; *Jackson* v. *Waldron,* 13 Wend. 221.

A future estate depending upon the happening of a contingency depends upon the performance of a condition precedent and cannot vest until the condition is performed. *Cassem* v. *Kennedy,* 147 Ill. 147.

A court of equity cannot dispense with the performance of a condition precedent. *Prettyman* v. *Baker,* 91 Md. 639.

The trust in this case was to become effective when the estate passed over to the trustee under the conditions provided for in the will, and there is no trust until the estate takes effect by displacing the estate which passed to the heirs by descent and the vesting of the estate in the trustee provided for in the will. *Prettyman* v. *Baker,* 91 Md. 639; *McCartney* v. *Ridgway,* 160 Ill. 129.

The conditions imposed as conditions precedent in this case cannot be fulfilled. The county court was the donee of the power, and that court has no jurisdiction of trusts and trust estates. *Dingman* v. *Beall,* 213 Ill. 245; *Lynch* v. *Hutchinson,* 219 id. 193.

When a power is to be exercised and the court is made the donee of the power, and the court has no jurisdiction over trusts and trustees, the power cannot be executed. *Thom* v. *Thom,* 101 Md. 444; *Haufbauer* v. *Jackson,* 91 Ga. 298.

THOMAS V. O'DONNELL, for appellees John H. Cahill and James Sloan:

Equity never allows a trust to fail for the lack of a trustee, and whenever a vacancy occurs in the office of trustee, from whatever cause, the court will supply the deficiency. This power is inherent in a court of equity. 28 Am. & Eng. Ency. of Law, (2d ed.) 958, and cases cited.

Where there is no trustee named the court will appoint one. 28 Am. & Eng. Ency. of Law, 962; *Bailey* v. *Kilburn,* 10 Metc. 176; *Varneis' Appeal,* 80 Pa. St. 140; *Maus* v. *Maus,* 80 Pa. St. 194.

Where a testator fails to make provision for the appointment of a new trustee or vests the power of appointment in a court which is unable to exercise such power, a court of chancery may make such appointment. *West* v. *Fitz,* 109 Ill. 425; *Leman* v. *Sherman,* 117 id. 657.

Even though the whole trust provision in clause 4 be declared bad, yet it can be separated from the balance of the will and enough will be left to clearly carry out the intention of the testator, to-wit: a life estate to his three daughters in joint tenancy and remainder to his grandchildren; and where this can be done it will be done. *Johnson* v. *Preston,* 226 Ill. 458; *Lawrence* v. *Smith,* 163 id. 149; *Howe* v. *Hodge,* 152 id. 279; *Nevitt* v. *Woodburn,* 190 id. 283.

The provision of the will stating that "the net rents and income thereof to be equally divided, share and share alike, among my three daughters," taken in connection with the other parts of the will, gave a life estate in joint tenancy in the farm in question to the three daughters. *Morrison* v. *Scharr,* 197 Ill. 554.

SIGMUND LIVINGSTON, M. A. BRENNAN, and E. E. DONNELLY, for appellees Shelton McGrath and John F. Heffernan:

The will in the case at bar creates an active trust and does not violate the rule against perpetuities. *Brownback* v. *Keister,* 220 Ill. 544; *Mason* v. *Mason,* 219 id. 609; *Burbach* v. *Burbach,* 217 id. 547; *Railroad Co.* v. *Winslow,* 216 id. 166; *Olcott* v. *Tope,* 213 id. 124; *Lash* v. *Lash,* 209 id. 595; *Flanner* v. *Fellows,* 206 id. 136; *Hale* v. *Hale,* 146 id. 227; Kales on Future Interests, sec. 213; *Knight* v. *Pottgieser,* 176 Ill. 368.

An immediate right of present enjoyment is not essential to a vested remainder, it being sufficient if there is a fixed right of future enjoyment. *Knight* v. *Pottgieser,* 176 Ill. 368; *Howe* v. *Hodge,* 152 id. 52; Simons on Probate Practice, 752; Kales on Future Interests, sec. 210.

Equity will not permit a trust to fail for want of a trustee. *French* v. *Trust Co.* 197 Ill. 30; Page on Wills, secs. 610, 611; Tiedeman on Real Property, sec. 508.

An administrator with the will annexed may apply to a court of equity for the appointment of a trustee to carry out the provisions of a will which do not strictly devolve upon him as such administrator. *Lehman* v. *Sherman,* 117 Ill. 657; *Wenner* v. *Thornton,* 98 id. 156.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of McLean county by John H. Cahill, a grandson of James Farrell, and James Sloan, a tenant in possession of certain farm property of which James Farrell died seized, situated in the said county, against Elizabeth Dwyer, Mary Cahill and Ellen Sloan, the only surviving children of James Farrell, deceased, and John F. Heffernan, the administrator with the will annexed of said James Farrell, deceased, and his grandchildren other than the complainant John H. Cahill, and

certain legatees named in the will of said James Farrell, deceased, to obtain a construction of the fourth paragraph of the will of said James Farrell, and for the appointment of a trustee to take possession of the farm of which said Farrell died seized, and to rent the same and to keep the same in repair, and upon the death of the three daughters of said Farrell to sell the same and to divide the proceeds arising from such sale among the grandchildren and the child or children of a deceased grandchild or grandchildren, if any, of said James Farrell, deceased. The three daughters filed demurrers to said bill, which were overruled, and they stood by their demurrers, and the administrator with the will annexed, and the grandchildren, who were all minors, by their guardian *ad litem,* filed answers to said bill. Replications having been filed to the answer of the administrator with the will annexed and the answers of the minors by their guardian *ad litem,* the case was heard before the chancellor, and a decree was entered finding that the three daughters, and the survivor thereof, took a life estate in said real estate, and that the body of the estate belonged to the grandchildren and the child or children of a deceased grandchild or grandchildren, if any, of said James Farrell, deceased, and that a trust was created by said will, and appointed a trustee, with directions to take possession of said farm, rent the same and collect the rent from James Sloan then due thereon, and pay the net amount of the rent personally to the daughters during their lives, or to their children in case one or more of said daughters should die leaving a child or children them surviving, and upon the death of all of said daughters that the said trustee sell said farm and divide the proceeds arising from such sale among the grandchildren and the child or children of a deceased grandchild or grandchildren, if any, of said James Farrell, deceased, and the three daughters have prosecuted an appeal to this court.

James Farrell, a widower, died seized of a farm consisting of two hundred and fourteen acres, located in McLean

county, the possession of which was in the complainant James Sloan as tenant, under a lease made with James Farrell for three years, which expires March 1, 1908, at an annual rental of $1250, and which rent, it was alleged, was being claimed by the three daughters of James Farrell and by John F. Heffernan, administrator with the will annexed of said James Farrell, deceased. The provision of the will in controversy reads as follows:

"*Fourth*—It is my will and desire that my farm, being the south-east quarter and sixty acres off of the south side or end of the north-east quarter, all in section sixteen (16), township twenty-three (23), north, range four (4), east of the third P. M., subject to railroad right of way, in Mc-Lean county, Illinois, be not sold during the lifetime of my daughters and the survivor of them, but that said farm shall be rented to the best advantage, so that same shall be kept up and the buildings and appurtenances be kept in good repair and insured, the taxes paid promptly, the net rents and income thereof to be divided equally, share and share alike, among my three daughters and the survivors. Upon the death of any daughter her share of said rents shall be paid to her children in equal shares, if she leaves children or a child. Upon the death of the last survivor of my daughters I desire and will that my said farm be sold and converted into money and the proceeds thereof divided among my grandchildren, the children of my three daughters, share and share alike equally *per capita,* but provided that if at the time of such distribution any of such grandchildren be dead leaving issue, such issue shall receive among them, equally, the share of such proceeds payable to such grandchild if alive. It is my will that during the life of all and each of my daughters that my land be held in trust for the purposes above set forth, and that my executor, should I afterwards name one, otherwise the administrator with will annexed who shall be appointed to settle my estate, be the trustee empowered and directed to care for my land as above and

to sell the same upon the death of my last surviving daughter, which sale may be on time or for cash, public or private, but shall be required to be approved by the court having jurisdiction of the administration of my estate. Because he is to be such trustee I desire the wishes of my said daughters to be regarded in the appointment of such administrator, if they shall agree upon and recommend a suitable, discreet and responsible man. It shall be the duty of such trustee to pay over all net rents and income and the proceeds of such sale into the hands of the several beneficiaries in person, and not upon any written or verbal assignment or transfer thereof."

The contention of Mrs. Elizabeth Dwyer and her two sisters is that said provision of their father's will creates a perpetuity and is therefore void, and that said farm, not being otherwise disposed of by said will, descended to them jointly, as intestate property.

In *Bigelow* v. *Cady,* 171 Ill. 229, a perpetuity is defined as a limitation taking the subject matter of the perpetuity out of commerce for a period of time greater than a life or lives in being and twenty-one years thereafter; and such limitation is held to apply to future interests in both realty and personalty, whether legal or equitable, and to every kind of conveyance or devise, and to every form of limitation or condition by which such future estate or interest may be created. 22 Am. & Eng. Ency. of Law,—2d ed.—p. 704; *Bigelow* v. *Cady, supra; ' Flanner* v. *Fellows,* 206 Ill. 136; *Howe* v. *Hodge,* 152 id. 252.

We think it clear that the testator intended by his will that his three daughters should receive the net rent arising from said farm during their joint lives, and upon the death of either of said daughters such daughter's share of the rent should go to her children, if she left a child or children her surviving, until the death of her sole surviving sister, and that upon the death of the three daughters the land be sold and the proceeds divided equally among the testator's grand-

children, the child or children of a deceased grandchild taking the parent's share, and that during the lifetime of the three daughters, or the survivor thereof, the farm should be rented and cared for by a trustee, (an executor or administrator with the will annexed,) and upon the death of the three daughters the farm should be sold and the proceeds divided as above indicated; that the rent, during the joint lives of his daughters, or the survivor of them, should be paid personally to his daughters or to the child or children of a deceased daughter during the period intervening between the time of the death of the testator and the death of the surviving daughter, and that the proceeds arising from the sale of the farm, when sold, should be paid personally to his grandchildren or great-grandchildren, it evidently being his desire and intention to protect the share of the rent provided to be paid to the daughters or their children, and the proceeds arising from the sale of the land directed to be paid to his grandchildren or great-grandchildren, from being reached by the creditors of his daughters or those of his grandchildren or great-grandchildren until after the land should be sold and the proceeds distributed; and this was the view taken by the lower court. We discover nothing in the will of James Farrell which takes the farm of James Farrell, or its rents, or the proceeds of the farm when sold, out of commerce for a period of time greater than the life or lives of persons in being at the time of the death of James Farrell. The will provides the farm is to be held until the death of the three daughters, all of whom were in being at the time their father died, and that upon the death of all of said daughters the said farm is to be sold and the proceeds arising therefrom is to be divided among the grandchildren or great-grandchildren of James Farrell, deceased. The farm is therefore withheld from sale during the lives only of the three daughters, which provision does not violate the rule against perpetuities and is a valid provision.

There is another equally valid reason why a perpetuity is not created by the will of James Farrell in the rent or the proceeds of the farm in case of a sale, and that is this: the inhibition is against the postponement of the vesting of estates and not against the postponement of possession, (*Flanner* v. *Fellows, supra,*) and whether the farm be considered as personal or real estate as to the grandchildren or great-grandchildren of James Farrell, clearly the devise of the rent to the daughters or to the child or children of a deceased daughter during the lifetime of the survivor of the three daughters vested a life estate in the daughters, as the devise of the rent was a devise of the farm, (*Handberry* v. *Doolittle,* 38 Ill. 202; *Ryan* v. *Allen,* 120 id. 648; *Morrison* v. *Schorr,* 197 id. 554;) and the *corpus* or body of the estate vested in the grandchildren, which would open up to let in subsequently born grandchildren or the child or children of a deceased grandchild. (*Howe* v. *Hodge, supra; Davenport* v. *Kirkland,* 156 Ill. 169; *Flanner* v. *Fellows, supra.*) And the fact that no executor was named in the will, and the further facts that an administrator with the will annexed does not have power to sell real estate and that the county court cannot appoint a trustee, does not have the effect to defeat the trust created by the testator by the terms of the will, as a court of chancery will not suffer a trust to fail for lack of a trustee. *West* v. *Fitz,* 109 Ill. 425; *Leman* v. *Sherman,* 117 id. 657.

We are of the opinion the trial court properly construed the will of James Farrell, deceased, and that it did not err in appointing a trustee to carry into effect the trust created by said will.

The decree of the circuit court will be affirmed.

*Decree affirmed.*