## Phila D. Raymond et al., Appellants, v. The Northern Trust Company et al., Appellees.

### Gen. No. 14,573.

WILLS—*rule against perpetuities defined.* A perpetuity is defined to be a limitation taking the property out of commerce for a longer period of time than a life or lives in being and twenty-one years beyond, and in case of a posthumous child, a few months more, allowing for the time of gestation.

Bill to set aside trust. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed October 7, 1909.

Statement by the Court. Appellants filed in the Circuit Court of Cook county their bill to set aside the trust provisions in the will of Oliver W. Barrett and

to have the same declared void on the ground that such provisions violate the rule against perpetuities. The will was executed December 13, 1906, and the testator died January 13, 1907, leaving Frances M. Barrett, his widow, Phila D. Raymond, his daughter, and Oliver S. Barrett, his son, his only heirs at law and next of kin. The complainants in the bill are said Phila D. Raymond, daughter of the testator, Harold N. Raymond, her son, the husband of Phila D. Raymond, and the wife of Harold N. Raymond. The defendants are The Northern Trust Company as executor and trustee, Frances M. Barrett, the widow, Oliver S. Barrett, the son of the testator, and the wife of Oliver S. Barrett. The defendants other than Frances M. Barrett joined in a special demurrer to the bill, which was sustained, the bill dismissed for want of equity, and complainants appealed. The provisions of the will which appellants claim violate the rule against perpetuities are those provisions of the following section of the will printed in italics:

"Section No. 4. I give, devise and bequeath unto The Northern Trust Company, a corporation organized and existing under the laws of the State of Illinois and located at Chicago, Illinois, as Trustee, all the remaining estate and property of all kinds whatsoever and whereever situated, belonging to me at the time of my death, in trust, for and upon the following trusts, purposes and conditions, to-wit:

"During the period of trusteeship as hereinafter fixed, said Trust Company shall hold, manage, lease, care for and protect said trust property and collect the income therefrom, all in accordance with its best judgment and discretion, and any leases that may be made may be for any term of years that said Trustee may think best, even if they extend beyond the period of the trust. Said Trustee may retain as a portion of said trust estate any investments made by me in my lifetime, and is also fully authorized to invest such part of said trust estate as may from time to time be converted into cash as income-producing securities, either within or without the State of Illinois, said

Trustee to have as wide latitude in the selection and making of such investments as I myself would have if living. I do not desire any investments to be made in real estate, excepting such as may result from the foreclosure of real estate mortgages. Said Trustee is hereby given full power to sell and convey any and all of said trust property and any reinvestments thereof, from time to time, for such prices and upon such terms as it shall see fit, either for the purpose of reinvestment or of carrying out any provisions of this trust, and the purchaser or purchasers shall not be obliged to see to the application of the purchase money. The Trustee shall be paid a fair and just compensation out of the trust estate for its services hereunder.

"The entire net income from said trust estate, commencing at the time of my death, after paying taxes, assessments, insurance, repairs and the charges and expenditures reasonably necessary and proper in caring for and managing the trust estate, shall be paid to my son, Oliver S. Barrett, during the entire term of his natural life, in monthly instalments. Upon the death of my said son the net income from said trust estate shall be paid in equal portions to the child or children (not adopted), if any, of my said son, or their issue, *until the youngest of his said children from time to time living reaches the age of twenty-one years, or until the death of the last survivor of said children, in case they should all die before the youngest child reaches the age of twenty-one years, at which time the entire principal of said trust estate shall be divided* among the children of my said son, the issue, if any, of any children that may have died to take the share that their parent would have taken if living. So long as any of said children are minors said Trustee may itself use or expend the minors' share in the income or such part thereof as it deems best for the comfortable support and education of said minors. Any income not used shall be added to the principal of the minor's share in the estate. In case of the death of my said son leaving no children or issue of deceased child surviving or *in case he should die leaving a child or children surviving and such child or all of*

*such children should die before the youngest from time to time living reaches the age of twenty-one years, leaving no issue,* then I direct that, upon the death of my said son or upon the death of the last surviving of his said children, the entire balance of said trust estate be paid to my daughter, Phila D. Raymond, if she be then living, but if she be not then living, the said balance of said trust estate shall be held and the income therefrom paid to my grandson, Harold Raymond, until he shall reach the age of thirty-five years, at which time the principal of said trust estate shall be paid to him. If, at the death of my said son Oliver S. Barrett, leaving no child or issue of a deceased child, *or after the death of all his children before the youngest from time to time living reaches the age of twenty-one years leaving no issue,* neither my daughter Phila D. Raymond nor her son Harold Raymond shall be living or in case said Harold Raymond shall be then living but shall die before reaching the age of thirty-five years, then I direct that said trust estate remaining in the hands of said Trustee shall be divided among my heirs at law as the same would be ascertained under the present laws of descent of the State of Illinois if I myself had died at that time.''

UNDERWOOD & MANIERRE, for appellants.

WILLIAM S. MILLER and GEORGE W. GORDON, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

The provisions of the will which appellants claim are void as creating a perpetuity are contained in the following clauses of the will:

''The entire net income of said trust estate  *  *  * shall be paid to my son, Oliver S. Barrett, during the entire term of his natural life, in monthly installments. Upon the death of my said son, the net income from said trust estate shall be paid in equal portions to the child or children (not adopted), if any, of my said son, or their issue, until the youngest of

his said children from time to time living reaches the
age of twenty-one years, or until the death of the
last survivor of said children, in case they should all
die before the youngest reaches the age of twenty-
one years, at which time the entire principal of my
said trust estate shall be divided, etc. * * *

"In case of the death of my said son, leaving no
children or issue of any deceased child surviving, or
in case he should die leaving a child or children sur-
viving and such child or all of such children should
die before the youngest from time to time living
reaches the age of twenty-one years leaving no issue,
then I direct that, upon the death of my said son, or
upon the death of the last surviving of his said chil-
dren, the entire balance of said trust estate be paid to
my daughter if living; if not, income to be paid to her
son Harold until he reaches the age of thirty-five, and
the principal then to be paid to him.

"If, at the death of my said son, Oliver S. Barrett,
leaving no child or issue of a deceased child, or after
the death of all his children before the youngest from
time to time living reaches the age of twenty-one
years, leaving no issue, neither my daughter, Phila
D. Raymond, nor her son, Harold Raymond, shall be
living, or in case said Harold Raymond shall be then
living, but shall die before reaching the age of thirty-
five years, then I direct that said trust estate shall be
divided," etc.

The first clause above set forth of the will provides
for the termination of the trust estate in either of two
contingencies. The first is when the youngest of the
children of deceased's son, Oliver S. Barrett, "from
time to time living reaches the age of twenty-one
years." The second is upon the death of the last sur-
vivor of the children of Oliver S. Barrett "in case
they should all die before the youngest child reaches
the age of twenty-one years." Upon the happening
of either of said contingencies, the trust estate is to
be divided among the children of Oliver S. Barrett,
or their issue if any be dead.

The second clause above set forth of the will pro-
vides for the termination of the trust estate in case

of the death of the testator's son, Oliver S. Barrett, "leaving no children or issue of a deceased child surviving, or in case he should die leaving a child or children surviving, and such child or all of such children should die before the youngest from time to time living reaches the age of twenty-one years, leaving no issue." Upon the happening of either of such contingencies, the trust estate. is to be paid to the testator's daughter, Phila D. Raymond, if then living, but if not, to be held and the income therefrom paid to testator's grandson, Harold Raymond, until he reaches the age of thirty-five years, when the principal is to be paid to said Harold.

The third clause above set forth of the will provides that if at the death of testator's son, Oliver S. Barrett, "leaving no child or issue of deceased child, or after the death of all of his children before the youngest from time to time living reaches the age of twenty-one years leaving no issue," neither testator's daughter, Phila D. Raymond, nor her son, Harold Raymond, shall be then living, or in case Harold Raymond shall be then living, but shall die before reaching the age of thirty-five years, then the trust estate shall be divided among the heirs at law of the testator.

"A perpetuity is defined to be a limitation taking the property out of commerce for a longer period of time than a life or lives in being and twenty-one years beyond, and in case of a posthumous child, a few months more, allowing for the time of gestation." Waldo v. Cummings, 45 Ill. 421, 426.

"If by any possibility a devise (or bequest) violates the rule against perpetuities, it cannot stand. If there is a possibility that a violation of this rule can happen, then the devise (or bequest) must be held void." Bigelow v. Cady, 171 Ill. 229, 232-3.

The contention of appellants is that each of said clauses fails to provide for the termination of the trust or a distribution of the trust estate, in case testator's son, Oliver S., shall die leaving two or more

children, and the youngest of such children shall die before reaching the age of twenty-one years, leaving surviving a child or children of said Oliver S. Barrett then above the age of twenty-one years. With this contention we are unable to agree. In the contingency suggested, the child of Oliver S. Barrett over twenty-one, or the youngest of his children over twenty-one, if there be more than one, will be the youngest of the children of Oliver S. Barrett "from time to time living," and such youngest child having reached the age of twenty-one years, the trust will, under the terms of the will, be terminated, and it will be the duty of the trustee to pay over or distribute the estate in accordance with the provisions of the will. The fact that such child becomes the youngest child of Oliver S. Barrett after reaching the age of twenty-one, cannot continue the trust after the time that such child becomes the youngest child.

The chancellor did not err in sustaining the demurrer to the bill and dismissing the same for want of equity, and the decree will be affirmed.

*Affirmed.*