Ada Heller, Appellant, v. Sarah Schwarz et al., Appellees.

WILLS—*policy as to vesting of estates.* It is not the policy of our law to favor the abeyance of estates; estates will be deemed to vest upon the death of the testator unless very clear words are found in the will evincing that it was the manifest intention of the testator that the estate should not vest except on the happening of a certain contingency.

Bill to construe will, etc. Appeal from the Circuit Court of Jersey county; the Hon. J. A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed October 18, 1910.

Hamilton & Hamilton, for appellant.

W. T. Sumner (Charles S. White, guardian *ad litem*), for appellees.

Mr. Justice Philbrick delivered the opinion of the court.

One Thomas Marshall in his lifetime was seized in fee simple of lots five and six in block 25 in the city of Jerseyville, in the county of Jersey and state of Illinois. He died May 20, 1889. His will bears date March 23, 1888, and was duly admitted to probate.

The fifth clause of testator's will is as follows:

"I give and devise to Susan White, Lots Five (5) and Six (6) in Block Twenty-five (25), in the City of Jerseyville, in the county of Jersey and State of Illinois, for and during her natural life, and after her death I direct that said Lots Five (5) and Six (6) be sold and the proceeds divided equally between the children of said Susan White."

At the time of his death Thomas Marshall, testator, left surviving him Susan White, who at the time of the death of testator had the following living children: William H. White, Bode Kelley, Ada Heller and Sarah A. Schwarz. Susan White, to whom the life estate was devised, died April 3, 1909. After the death of Thomas Marshall, May 20, 1889, and before the death of Susan White, April 3, 1909, William H. White, her son, died, December 1, 1908, and left surviving him Mary E. White, his widow, Alice White, Edna White and Charles W. White, his children and only heirs.

Bode Kelley died August 15, 1892, leaving surviving her Norris F. Ke'ley, her husband, but left no child or descendants of child or children; Norris F. Kelley, her surviving husband, died August 4, 1908, leaving William V. Kelley, his son by a former marriage as his only heir at law.

At the time of the death of Susan White, April 3, 1909, she left surviving her Sarah A. Schwarz and Ada Heller, her only surviving children.

The bill in this cause is filed by Sarah A. Schwarz asking that the proceeds of the real estate may be determined, the will construed and a trustee appointed to sell the real estate and divide the proceeds among those entitled thereto.

The decree rendered by the chancellor below found that by the fifth clause of this will Susan White was devised a life estate in these premises and that immediately upon the death of Thomas Marshall the four children of Susan White, being William H. White, Bode Kelley, Ada Heller and Sarah A. Schwarz, became vested in equal parts with the fee of said lots, subject, however, to the life estate of Susan White and that the estate devised to them by this will became vested immediately upon the death of Thomas Marshall.

Ada Heller, appellant herein, brings the cause to this court on appeal and assigns as error the rendition of the decree by the chancellor; contending that the estate did not vest in the four children of Susan White upon the death of Thomas Marshall, but vested in Sarah A. Schwarz and appellant, Ada Heller, upon the death of their mother, Susan White; and that the heirs of Bode Kelley and William H. White have no interest therein.

There is no other clause in the will which in any manner affects the taking effect of clause five in accordance with the conditions and terms set forth in that clause.

In the case of Knight v. Pottgieser, 176 Ill. 368, the Supreme Court of this state in construing a will almost identical with the one at bar says:

"It is not the policy of our law to favor the abeyance of estates, and for this reason it long ago became a fixed rule to be observed in the construction of wills in the courts of America and England, that estates should be deemed to vest upon the death of the testator unless very clear words were found in the will evincing that it was the manifest intention of the tes-

tator that the estate should not vest except on the happening of a certain contingency.''

That case is decisive of the question involved in this controversy.

It is the rule of law, well established in this state, that a fee cannot be held in abeyance and that it must be vested in some person. This will vested the estate in the children of Susan White, who were living at the time of the death of Thomas Marshall; it became a vested, not a contingent interest, the enjoyment of the estate being only postponed during the lifetime of Susan White. Scofield v. Olcott, 120 Ill. 362; Clark v. Shawen, 190 Ill. 47; Dwyer v. Cahill, 228 Ill. 617.

The fact that this clause of the will directed the estate to be sold upon the death of Susan White, and the proceeds then divided does not affect, in any manner, the time when the interests of the parties attached to the estate under this will, it being the clear intention of the testator that the children of Susan White should receive the proceeds of this land and the devise was made for the purpose of vesting them with its proceeds. While this devise was an equitable conversion of the real estate, under the rule of law that a fee cannot be held in abeyance, and there being no other devise of the fee, it became vested in the children of Susan White immediately upon the death of the testator, subject to being converted into personal property upon her death to be then distributed according to the terms of the will.

It is insisted however by appellant that the case of Strode v. McCormick, 158 Ill. 142, controls in this case. Upon examination of that case it will be found that the conveyance therein was made by James M. Strode to certain trustees whereby the trustees became vested with the fee and were authorized and directed to collect the rents, issues and profits for the sole use of Mary B. Strode during her lifetime and upon her death to dispose of said lot and its appurtenances and divide the proceeds equally among the children of

James M. Strode, the issue of his marriage with Mary B. Strode, share and share alike. By this deed the children of James M. Strode at the time of the conveyance took no interest in the premises of any kind or character, the trustees holding the fee until the time of the death of Mary B. Strode with directions that at that time they sell the premises and divide the proceeds among his children; there was no provision in the deed by which any person other than children could take a portion of the premises and it was held that grandchildren could not be included in the distribution, but in the case at bar the children of Susan White, living at the time of the death of Thomas Marshall, became vested with the interest in the estate, subject to the life estate of Susan White and on their death that vested interest descended to their respective heirs.

The learned chancellor was correct in the decree rendered herein and properly found that the proceeds of the real estate should be divided as directed: one-fourth to Ada Heller and Sarah A. Schwarz each, as surviving children of Susan White; one-fourth to Sarah A. Schwarz administratrix of the estate of Norris F. Kelley; and one-fourth to be divided equally among the children of William E. White.

There being no error in the decree it is affirmed.

*Affirmed.*