Robert Klocksieben et al., v. Minnie Klocksieben Orris et al.
Malinda Jersky, Appellee, v. Ernest E. Webber, Executor of Estate of Augusta Pralle, Deceased, Appellant.

Gen. No. 9,842.

Opinion filed December 22, 1942.

ROBERT A. MEIER, JR., of Chicago Heights, and VICTOR G. NARDI, of Chicago, for appellant.

CHARLES W. KURTZ, of Kankakee, and JACOB STAGMAN, of Chicago, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

This suit involves the construction of the last will of William Klocksieben, deceased, and particularly the seventh clause thereof. The testator died April 26, 1927. His will, dated June 7, 1920, was admitted to probate in Will county on July 29, 1927.

The second clause of the will bequeathed the testator's personal property to his wife, Augusta, and gave her a life estate in his real estate.

The third clause provides:

"After the death of my wife Augusta Klocksieben, I order and direct my executor, hereinafter named, within a period of four years, to sell all of my real estate at the best market value possible, at public or private sale, on such terms as he may deem best, hereby giving him full right and power to execute such deeds as are necessary to pass good title to all of my real estate which I have directed that he sell. In case my wife should die before my death shall occur then my executor hereinafter named, shall sell my said real estate within a period of four years after my death shall occur on the terms heretofore set forth and the provisions of the Second Clause of this my Last Will and Testament shall be null and void inasmuch as the necessity for the Second Clause will end, should I survive my wife, Augusta Klocksieben."

The fourth clause bequeaths $5 to a son Rudolph Klocksieben after all real estate is sold. The fifth clause bequeaths a like sum to a daughter Alvena Webber. The sixth clause bequeaths $2,000 to Gladys Duzack, a granddaughter. The seventh clause reads:

"The remainder and residue of the money received from the real estate together with all my personal property, should my wife, Augusta Klocksieben, die before my death shall occur, shall be divided equally among my children who are named in this Seventh Clause of this, my Last Will and Testament, namely: Anna Niels, Herman Klocksieben, Robert Klocksieben, Augusta Pralle, Sophia Pipenbrink and Minnie Klocksieben, share and share alike, to have and to hold forever. Should my son Herman Klocksieben die before the death of either myself or my wife, Augusta Klocksieben shall occur, then my children who shall survive him and who are named in this Seventh Clause shall have his share divided equally among them, share and share alike. In case any of my children shall die then it is my will and desire that the heirs of his or her body

shall have the parent's share the same as though the parent were living except that in no case will the heir or heirs of my son Herman Klocksieben have any part of my estate whatsoever.''

Augusta Klocksieben, the widow, died February 25, 1940. Thereafter, the executor having been discharged as such by the probate court of Will county, a suit to construe the will and for the appointment of a trustee to manage and sell the real estate was filed in the circuit court of Kankakee county. A decree was entered on July 25, 1940, appointing the former executor as such trustee, and ordering that out of the proceeds of the sale of the real estate one-sixth thereof be paid to Augusta Pralle, one of the daughters named in the seventh clause of the will. The decree made other provisions not material here, and retained jurisdiction of the cause.

Augusta Pralle died testate in Cook county in February 1941, before receiving any part of her father's estate. Her last will, admitted to probate in Cook county, after devises of real estate not here involved, bequeaths her personal estate to her two daughters, Malinda Jersky (appellee here) and Viola Luecke, and three named grand-children, Janet Joan Luecke, Glenn Norbert Luecke and Huntley Dale Hartman, or the survivors of them, share and share alike.

The issue involved herein arises out of the disposition to be made of the share of Augusta Pralle in the proceeds of the sale of her father's real estate. After her mother's death, appellee, Malinda Jersky, filed a motion in the circuit court on December 27, 1941, reciting her mother's death in Cook county, alleging that she left surviving her appellee as one of her two heirs-at-law; that administration of her mother's estate is being had in Cook county, but no part of the William Klocksieben estate belongs to or should become a part of her mother's estate; that the administrator or executor of her mother's estate is claiming the right to

the possession of the Augusta Pralle interest and that the trustee might pay it to him unless otherwise ordered by the court, and prays for an order instructing the trustee to pay her any and all sums accruing or hereafter to accrue as her interest shall appear.

Appellant, as executor of the estate of Augusta Pralle, answered the motion, setting up the terms of her will, and claiming that at the death of her father and mother she became seized of a definite share in the real estate of her father or the proceeds thereof, that the same is a part of her estate, and that the petition should be denied. The trial court entered a decree in conformity with the prayer of the motion, from which decree the executor of the Augusta Pralle estate has appealed.

Appellant relies upon the vesting of the share of Augusta Pralle in her at the time of her father's death as the basis of his claim that it now belongs to her estate. Appellee claims that the testator intended it should not vest until the time for the distribution of the proceeds of the sale of the real estate, and that therefore it was contingent upon her surviving the time of distribution, citing *Ebey v. Adams,* 135 Ill. 80; *Johnson v. Askey,* 190 Ill. 58; *Starr v. Willoughby,* 218 Ill. 485; and *Easton v. Hall,* 323 Ill. 397.

In support of his contention, appellant relies upon and quotes from *Riddle v. Killian,* 366 Ill. 294, 302, 303, as follows:

"The distinction between vested and contingent remainders has been precisely stated by Professor Gray. 'Whether a remainder is vested or contingent,' he states, 'depends upon the language employed. If the conditional element is incorporated into the description of, or into the gift to the remainderman, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested.'"

Although, under Gray's rule, the language employed by the testator in the case at bar constituted a vested

remainder in his children, effective at the time of the testator's death, the rule does not carry any implication that such a gift is indefeasible. It follows therefore, that if the gift to Augusta Pralle was defeasible by her death prior to the time of distribution, the fact that it was a vested remainder at the time of the testator's death is not controlling.

In *People v. Allen,* 313 Ill. 156, a will gave the widow the testator's personal property absolutely, and a life estate in his real estate. The remainder of the real estate he devised to one of his daughters as trustee with directions to convert it into money as soon as practicable after the widow's death. Out of the proceeds the trustee was directed to establish a trust fund for one of the testator's daughters, and it was further provided: "The balance of the proceeds of such sales shall be distributed by her between my children (naming them) and herself, share and share alike, the children of any of my said children who may be deceased to take its or their parent's share." The court held that the interest created by this clause was vested. The opinion refers to some of the cases relied upon by appellee herein and points out that there was language employed in each of the opinions in those cases which suggests that the gifts were contingent upon the legatee surviving the period of distribution, but goes on to state that such expressions were dicta and contrary to many decisions of the court. However, the court said in the opinion on page 160:

"In all these cases it was properly held that the children of a deceased legatee took the whole share of the legatee by virtue of the gift over and thereby cut out the spouse of the legatee and the devisees of the legatee. . . . In the event of the death of one of the children before the death of the life tenant that child's interest would vest in her children if she left children surviving; if not, her interest would descend to her heirs."

There is no difference in principle between that case and the case at bar. Under that holding, the vested remainder in Augusta Pralle was defeated by her death prior to the time of distribution, and her two daughters, as the heirs of her body, by the gift over in the will, were substituted. This manifestly conforms to the intention of the testator, and such intention, not being in conflict with any law or public policy, must be given effect. (*Brumsey v. Brumsey*, 351 Ill. 414.)

*Grimmer v. Friederich,* 164 Ill. 245; *Heller v. Schwarz,* 158 Ill. App. 326; and *Henderson v. Cadwalader,* 202 Ill. App. 351, relied upon by appellant, where there was no express gift over in case of the death of a remainderman, are not in point.

The decree of the circuit court was correct and is affirmed.

*Decree affirmed.*