**Christine Blackerby DONALD, Appellant,**

v.

**James Hiram TROXELL, Jr., et al.,**
**Appellees.**

No. 3608.

Court of Civil Appeals of Texas.

Eastland.

April 21, 1961.

Rehearing Denied May 19, 1961.

J. M. Donald, Jacksboro, for appellant. Duncan Gault, Mineral Wells, for appellee.

WALTER, Justice.

Mrs. Christine B. Donald, who is the same person as Christine Barker Wood named in Mrs. Barker's will, for herself and as independent executrix of the estate of Clara T. Barker, deceased, filed suit against J. E. Greenfield, Virginia T. Greenfield, and James Hiram Troxell, Jr., a minor, in trespass to try title to eight tracts of land in Palo Pinto County, Texas. She al-

so sought a construction of her mother's will that it was void because it was in violation of the rule against perpetuities, that its provisions attempted to create an interest in land too remote to be valid and that under the rule in Shelley's case the fee simple title passed to her. The court held that Mrs. Donald owned an undivided three-fourths interest in fee simple absolute in said property and the remaining undivided one-fourth interest in fee simple subject to defeasance by any child or children born to Mrs. Donald living at the time of her death. It should be pointed out here that Mrs. Donald purchased the interest of the brothers and sisters of the testatrix who survived, but this is not important in deciding the issues. The court further held that said will did not violate the rule against perpetuities, that fee simple title did not vest in Mrs. Donald under the rule in Shelley's case, and that said will was not void.

Mrs. Donald has appealed contending the court erred (1) in failing to hold that the rule in Shelley's case applied (2) in failing to hold that the terms of the will violated the rule against perpetuities (3) in failing to hold the will was void under Section 26 of Article 1 of the Constitution of Texas, Vernon's Ann.St. and (4) in allowing the attorney and guardian ad litem a fee of $250.

■ The material portions of the will to be construed are as follows:

"*Second:* If my beloved daughter, Christine Barker Wood, should be living at my death, then I give, devise, and bequeath all of my property of whatsoever kind and wheresoever situated to her during her natural life, with remainder at her death to any child or children of her body or their descendants, and if there be none, then such remainder to go as provided in Paragraph Fourth of this will.

"*Third:* If my said daughter should be not living at my death, but should leave surviving her a child or children or their descendants, then I give, devise and bequeath all of my property to the said child or children and their descendants, per stirpes.

"*Fourth:* In the event that neither my said daughter nor any child or children of hers or their descendants shall be living at my death, then I give, devise and bequeath all of my property to the following persons in the following undivided interests, to-wit:" (Ten brothers and sisters are named.)

The Commission of Appeals in Calvery et al. v. Calvery et al., 122 Tex. 204, 55 S.W. 2d 527, 530, said: "* * * The rule in Shelley's case has always been a subject of much controversy. The courts, text-writers, and lawyers have often disagreed in the construction of this rule. The courts of this state have not been in accord in the construction and application of the rule to wills and deeds, and the opinions have by no means been uniform. However, it is now settled in this state that it will be given a strict construction and it is only when the facts bring a case under the strict letter of the rule that the courts of this state will apply and enforce it."

"* * * In order to carry the application of the rule in Shelley's case, the remainder must be limited to the line of inheritance of the first taker, with the terms 'heirs,' 'heirs of the body,' or equivalent terms used in the technical sense of words of limitation. These terms must be used in their technical sense as importing a class of persons to take indefinitely in succession and the rule does not apply unless the words of limitation over include the whole line of possible recipients in indefinite succession. In other words, the remaindermen must take as heirs of the life tenant, and not as designated persons, and the limitation of the remainder must be to the heirs of the person to whom the particular estate

with which it is to unite is limited." 47 Am. Jur., Section 12, page 799.

In the case of Wallace et al. v. First National Bank of Paris, 120 Tex. 92, 35 S. W.2d 1036, 1037, our Supreme Court said: "We deduce from the decisions rendered in this state, with reference to the rule in Shelley's case as applied to wills and other instruments, the following rules: (a) Every part of an instrument should be harmonized and given effect to, if it can be done. If that cannot be done and it is found that the will contains inherent conflict of intentions, the object of the grant being considered shall prevail. (b) If a will or its parts are equally capable of two constructions, one consistent with an intention, on the part of the grantor to do that which it was lawful for him to do, and one consistent with an intention to do that which it was unlawful for him to do, the former will be adopted. (c) The rule that courts will confer the greatest estate on the grantee that the terms of the grant will permit is subordinate to the rule 'that every part of the will should be harmonized and given effect to, if it can be done.' (d) In a will to a person for the term of his natural life and at his death to his 'bodily heirs,' the words 'bodily heirs' thus employed, if from the entire text of the will it is shown that the words 'bodily heirs' were used in the sense of children, are words of purchase and not of limitation."

We hold the rule in Shelley's case does not apply to Mrs. Barker's will because the limitation, by remainder, was not used in the technical sense so that Mrs. Donald's heirs would take in succession from generation to generation. See Finley v. Finley, Tex.Civ.App., 318 S.W.2d 478, (Writ Ref. N.R.E.); Wallace v. First National Bank of Paris, 120 Tex. 92, 35 S.W.2d 1036.

We find no merit in appellant's contention that the court erred in failing to hold that the terms of said will violated the rule against perpetuities. In the case of Anderson v. Menefee, Tex.Civ.App., 174 S.W. 904, 907, (Writ Ref.), the court said: "As said in Bigelow v. Cady, 171 Ill. 229, 48 N.E. 974, 63 Am.St.Rep. 230: 'Perpetuity is a limitation, taking the subject-matter of the perpetuity out of commerce for a period of time greater than a life or lives in being and 21 years thereafter. If, by any possibility, a devise violates the rule against perpetuity, it cannot stand. If there is possibility that a violation of this rule can happen, then the devise must be held void.' " "A gift over to children, including future children, of living persons cannot violate the rule, since such children must necessarily be born during the lifetime of their parents, or within the period of gestation thereafter. In like manner, a devise to the grandchildren of the testator is valid since, although some of them may be unborn at the time of the testator's death, the gift must take effect within the period of gestation after the death of the children, all of whom are necessarily lives in being when the will takes effect." 41 Am.Jur., Section 53, pages 97, 98. The law presumes that a woman is capable of having children so long as she lives. See Reeves v. Simpson, Tex.Civ.App., 182 S.W. 68, (Writ Ref.). Under the will, Mrs. Donald took a life estate with remainder to the surviving brothers and sisters of the testatrix subject to defeasance by any child or children of Mrs. Donald at her death.

Duncan Gault was appointed attorney and guardian ad litem for the minor defendant. Although said minor obviously had no interest in the property, he was nevertheless made a party by the appellant. It therefore became the court's duty to make such appointment. Appellant has not shown that the guardian ad litem fee of $250 was unreasonable.

We have examined all of appellant's points and find no merit in them and they are overruled.

Judgment affirmed.