Hillsborough Probate Court,
No. 5115.

## IN RE SHELDON BASSETT ESTATE.

Argued April 2, 1963.

Decided April 30, 1963.

506

*Booth, Wadleigh, Langdell, Starr & Peters* for the plaintiff trustee, furnished no brief.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Dort S. Bigg* (*Mr. Bigg* orally), for Mary Elizabeth Jackson.

*Broderick & Loughlin* (*Mr. Martin F. Loughlin*) (by brief), for Royal Bassett and Evelyn Bassett.

*Chester C. Eaton* for the surviving wife and children of Joseph W. Eaton, furnished no brief.

*Victor W. Dahar,* guardian ad litem, furnished no brief.

KENISON, C. J. One of the problems involved in the present litigation in determining the interested parties was the possibility that the son Royal (aged 63) or his present wife Evelyn (aged 45) might have children. There was an ancient common law so-called conclusive presumption that any person is capable of having children regardless of age, physical condition, surgery or medical opinion. This presumption, dutifully reported and supported by Littleton, Coke and Blackstone, received further impetus in *Jee* v. *Audley,* 1 Cox 324 (Ch. 1787). See Annot. 67 A.L.R. 539; 146 A.L.R. 794. This rule never made very much

sense in the beginning (*Exham* v. *Beamish,* [1939] Ir. R. 336 (Ch.); 53 Harv. L. Rev. 490) and in the twentieth century has even less to commend it. 6 American Law of Property, *s.* 24.22 (1952); Leach and Logan, Future Interests and Estate Planning, *pp.* 685-705 (1961). This so-called irrebuttable presumption that a man or woman is capable of having children as long as life lasts is an anachronism which has been severely criticized. 3 Powell, Real Property, *s.* 347 (1952); Bogert, Trusts and Trustees (2d *ed.* 1962) *s.* 1007, *pp.* 543, 544; 1 Nossaman, Trust Administration and Taxation, *ss.* 6.11 and 21.03 (2d *ed.* 1961); 14 U. Pitt. L. Rev. 452 (1953). "The reasonable certainty which suffices for other purposes should also suffice for the Rule against Perpetuities. Fanciful doubts, contrary to the common experience of mankind, should not be permitted to disrupt family estate plans and frustrate reasonable expectations." 6 American Law of Property, *s.* 24.22, *p.* 72 (1952).

It is significant that in the practical field of taxation the conclusive presumption that a person is always capable of bearing children has been discarded. *United States* v. *Provident Trust Co.,* 291 U. S. 272; *Commissioner of Corporations and Taxation* v. *Bullard,* 313 Mass. 72. See 9 Wigmore, Evidence (3d *ed.*) *s.* 2528. There is at least a partial statutory analogy in RSA 457:10 (supp) which permits the marriage of women over the age of forty-five years with inheritable defects.

This state rejects the "notion" there is a conclusive presumption that a man or woman is always capable of bearing children regardless of age, physical condition and medical opinion to the contrary. See 3 Scott, Trusts (2d ed.) *s.* 340.1, *p.* 2499. Although this question has not been considered in detail heretofore, it is consistent with the result reached in *White* v. *Weed,* 87 N. H. 153. See in this connection 34 Mich. L. Rev. 453, 455. In the present case we have undisputed medical testimony that neither the son Royal nor his wife Evelyn are capable of having children. This evidence is considered sufficient in this jurisdiction to remove any question about the possibility of issue to these people, and is sufficient to remove any reasonable doubt about violating the Rule against Perpetuities. This matter is well stated in new text added in the 1963 supplement to 3 Scott, Trusts (2d ed.) *s.* 340.1 *p.* 2500 as follows: "Even though it cannot be said that it is absolutely impossible that children should be born, it would seem that the court should permit the termination of the trust if the possibility

508

of the birth of children is negligible." We adopt this statement. This is consistent with the Restatement of Property, s. 274 (1) (a), (b), which reads as follows: "(1) When a limitation purporting to create a remainder or an executory interest is in favor of a person whose birth is, or becomes, impossible because of either the death, physical condition or advanced age of a required parent, such limitation has no effect thereafter (a) to prevent or to delay the distribution of an estate or fund; or (b) to prevent or to delay the termination of a trust." See also, Restatement (Second), Trusts, s. 340, *comment* e.

In the present case there were ambiguities in the will; there was a possibility of an interpretation which might result in partial intestacy; and there was a question whether the trust violated the Rule against Perpetuities. All these matters were taken into consideration when the compromise agreement was entered into and it represents a practical and reasonable solution to what would otherwise result in expensive litigation. The termination of the trust and the distribution of the assets are not contrary to any material purpose for which the trust was created. Restatement (Second), Trusts, s. 337; *Eastman* v. *Bank*, 87 N. H. 189; *Citizens Nat. Bank* v. *St. Peters Lodge*, 102 N. H. 352, 356. The probate court is advised that the petition to terminate the trust and distribute the proceeds pursuant to the compromise agreement should be granted.

*Remanded.*

All concurred.