121 N.J. Super. 586 (1972)
298 A.2d 289
ROBERT E. STREET, ET AL., PLAINTIFFS,
v.
NATIONAL NEWARK & ESSEX BANK, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 7, 1972.
*587 John F. Richardson (Richard T. Ludwig, of counsel on the brief), attorney for Plaintiffs.
William R. Beilig, attorney for Defendant.
KIMMELMAN, J.S.C.
By this summary action the life income beneficiary and two remaindermen of a testamentary trust seek to accelerate and thereby terminate the trust. They contend that the class of remaindermen who are the issue of the life beneficiary has been effectively closed by reason of a vasectomy performed upon the life beneficiary which rendered him sterile. The trustee does not dispute the fact of the operation or its effect, but withholds its consent to the termination of the trust preferring that the court first hold a plenary hearing so that inquiry can be made as to the reasons which motivated the vasectomy and the subsequent request to dissolve the trust.

I
The uncontroverted facts appear as follows:
1. Paragraph Seventh of the Last Will and Testament of Helen E. Street, deceased, created a trust in one-half of the residue of her estate for the benefit of her son Robert E. Street to receive the income during his lifetime and upon his death the remainder was to be distributed equally among his children.
2. Robert E. Street has two children, David R. Street and Eleanor Alice Street Hungate. Both children are adults and along with their father seek the termination of the trust whereby each child will be paid one-half of the principal.
3. Robert E. Street is an aeronautical engineer residing in the State of Washington. The corpus of the trust is quite modest and he no longer desires to receive the income it produces. The logical inference is that the present trust income is inconsequential in relation to his financial circumstances and he would just as well pass on the benefits to his adult children at a time when they can readily enjoy the same.
*588 4. On March 20, 1970, Robert E. Street underwent a vasectomy and subsequent laboratory tests have indicated that he is completely sterile.
5. According to the medical evidence it is impossible for Robert E. Street to father children, and therefore, the class of remaindermen is closed.

II
At common law, a man or woman irrespective of his or her age or physical incapacity was conclusively presumed to be capable of producing children. Trenton Banking Co. v. Hawley, 7 N.J. Super. 301 (Ch. Div. 1950); Anno: Modern Status of Presumption Against Possibility of Issue Being Extinct, 98 A.L.R.2d 1285. However, the reasons advanced for this once irrebuttable presumption are no longer viable in light of the progress achieved in medical knowledge coupled with our passage into a more enlightened era. Consequently, where the facts adduced show the impossibility of fertility, then common sense dictates that the presumption must fail. Trenton Banking Co. v. Hawley, supra; Sevel v. Swarzman, 33 N.J. Super. 198, 203 (Ch. Div. 1954); In re Lattouf's Will, 87 N.J. Super. 137, 144 (App. Div. 1965); In re Estate of Ransom, 89 N.J. Super. 224, 231 (App. Div. 1965). See also In re Bassett's Estate, 104 N.H. 504, 190 A.2d 415, 98 A.L.R.2d 1281 (1963) quoted extensively in the last cited case.
While the reported New Jersey cases deal exclusively with the inability of women to conceive and bear children because of advanced age, sterilization or a hysterectomy, there is no sound reason to draw any distinction in the case of men where the medical evidence likewise demonstrates an inability to father children.
Although a suggestion can be raised that future advances in medical science may be able to reverse the effect of a vasectomy and to restore fertility, at present that is a remote possibility and certainly not sufficient to require adherence *589 to a presumption so forcefully destroyed by the medical evidence in this case. Cf. In re Estate of Ransom, supra; 4 Scott on Trusts, § 340.1, p. 2716.
In other jurisdictions where the life tenant of a trust has undergone a vasectomy thereby effectively closing the class of remaindermen, courts have allowed an acceleration of the trust. See e.g. Neitig Estate, 4 Fiduciary Reporter 608 (Pa. 1954); Bosler Trust, 3 Fiduciary Reporter 635, reversed on other grounds, 378 Pa. 333, 107 A.2d 443 (1953).
Under the circumstances, a plenary trial of the issues involved is not warranted. The Last Will and Testament of Helen E. Street does not contain any language expressive of an intent that the trust could not be terminated except by reason of the death of the life beneficiary. A spendthrift provision (absent here) might be construed as expressing such an intent which would preclude acceleration. Consequently, the life tenant's motivation for the vasectomy and subsequent renunciation are immaterial.
Counsel shall submit an order for judgment in conformity herewith.