FROST NATIONAL BANK OF SAN ANTONIO, Independent Executor and Trustee of the Estate of Louise M. Cozby, Deceased, et al., Appellants,

v.

Karolen NEWTON et al., Appellees.

No. 5625.

Court of Civil Appeals of Texas, Waco.

Oct. 28, 1976.

Rehearings Denied Nov. 18, 1976.

Joe Meador, James E. Aderhold, San Antonio, for appellants.

Van G. Hilley, Goodstein & Semaan, Bayne & Snell, San Antonio, for appellees.

HALL, Justice.

The Frost National Bank of San Antonio is independent executor of the will of Louise M. Cozby, deceased, and trustee of the trust estate created in the will. The Bank brought this suit in both capacities seeking a declaratory judgment as to whether, under the terms of the will, the trust has terminated or should be terminated.

The will was executed by Mrs. Cozby on August 25, 1965. Following several bequests and the devise of a life estate in the testatrix's homestead to her husband, Rexford S. Cozby, the will provides in parts relevant to this appeal as follows:

### "TRUST ESTATE

"I hereby give, devise and bequeath unto the Frost National Bank of San Antonio, as Trustee, in trust for the following beneficiaries and for the uses and purposes hereinafter set forth, . . . all of the residue and remainder of my property and estate . . . all of which property will be hereinafter referred to as the "Trust Estate," and is to be held, managed, controlled and disposed of by said Bank as Trustee, as hereinafter provided.

"The said Trust . . . shall continue in force and effect during the remainder of the lifetime of the last survivor of the following named three beneficiaries, viz: Rexford S. Cozby, Karolen Newton and Louise Purvis, and shall terminate upon the date of death of the last survivor of said three last-named beneficiaries. Provided, however, that said Trustee shall have the right, at its option, to sooner terminate said Trust in the event the income from the trust property shall hereafter cease to be sufficient in amount to justify the further continuance of such Trust, in the opinion of the Trustee.

. . . . .

"During the entire existence of the term of said Trust, the said Trustee is directed to pay, out of said Trust funds, to or for the use and benefit of the following named respective beneficiaries the following periodical payments:

"One-third (⅓) of the net income from said Trust Estate shall be by said Trustee paid to my husband, Rexford S. Cozby, during the remainder of his lifetime; and the remaining two-thirds (⅔) of said net income from said Trust Estate (plus such portions of the principal thereof as the Trustee may deem necessary) shall be applied to the payment of the expenses incident to: (a) The support and education through high school and college of my great-nephew, Warren S. Wilkinson, Jr., so long as he may attend and continue in school or college during the term of said Trust; and (b) the support and education through college of my great-niece, Susan Arnette, so long as she may attend and continue in college during the term of said Trust; and (c) the support and education through college of my great-niece, Karolen (Lyn) Wilkinson, so long as she may attend and continue in college during the term of said Trust; and (d) if, as, and when any one or more of said three student beneficiaries shall, during the term of said Trust, obtain a college degree, he or she shall be paid by said Trustee the sum of $1,000.00 in cash out of the interest or principal of said two-thirds (⅔) of said total Trust Estate, as a graduation present.

"The payments of net income which are to be so paid by the Trustee to or for the use and benefit of the respective beneficiaries above-named shall be so paid in monthly installments, or in such other periodical installments as the Trustee may determine, and the respective proportionate amounts of the principal payments to be so paid to or for the benefit of my said great-nephew and great-nieces for educational purposes, out of the said two-thirds (⅔) of the total net income from the entire Trust Estate, shall be left to the discretion of and shall be determined by the Trustee according to the needs of each of said three student beneficiaries, and need not be in equal proportions. Such payments may be made direct to said student beneficiaries, regardless of their minority, or may be made to any other person or persons for any such beneficiary's use and benefit.

"If at any time during the term of said Trust the net income from said two-thirds (⅔) of said Trust Estate shall be insufficient to pay the expenses incident to a college education for said last-named three beneficiaries, or any of them, then in such event the Trustee shall have the right to pay any excess amount needed for said purposes out of the principal of said two-thirds (⅔) share of said entire net Trust Estate; and in the event their said proportionate share of said net income shall be more than sufficient to pay for their college education as aforesaid, then any such excess amount thereof shall be by the Trustee, from time to time, paid in equal shares thereof to Louise Purvis and Karolen Newton at such times and in such installments as the Trustee may determine.

"Upon the final termination of said Trust Estate all of the property then comprising said Trust Estate, and all of the remainder and residue of my property and estate, if any, not hereinabove otherwise disposed of, I hereby give, devise and bequeath to the following named ultimate beneficiaries, in equal shares, an undivided one-half (½) to each, viz.: Karolen Newton and Louise Purvis. If either one of said last-named beneficiaries be not living at the time of the final termination of the Trust Estate above provided for, then the share of my estate which such deceased beneficiary would be otherwise entitled to receive if living, shall go to and vest in her then living children, in equal shares."

The testatrix died in December, 1967. Her husband, Rexford S. Cozby, predeceased her, having died in January, 1967. They had no children. The other beneficiaries named in the trust survived the testatrix. Karolen Newton and Louise Purvis were the nieces of the testatrix. Their relationship with Mrs. Cozby was like that of mother and daughters. Warren S. Wilkinson, Jr., Susan Arnette, and Karolen (Lyn) Wilkinson (now Karolen Dittmar), are the only children of Louise Purvis. These surviving beneficiaries, and the three children of Karolen Newton were named by the bank as defendants. Later, Mrs. Alibel

M. Pardue, who is the surviving sister of the testatrix and is the mother of Karolen Newton and Louise Purvis, was brought into the case as a defendant. All of these defendants are adults. Additionally, a guardian ad litem was appointed to represent the unborn and unadopted children of Karolen Newton and Louise Purvis.

The case was heard by the court without a jury. During the course of the trial, Karolen Newton and Louise Purvis and their six children made and introduced into evidence an agreement in which they released and waived all their claims and rights under the trust, released and discharged the Bank as Trustee from all responsibility, and requested the court to terminate the trust and order distribution of the trust assets "to the two ultimate beneficiaries," Karolen Newton and Louise Purvis. Mrs. Pardue filed an answer in which she adopted the pleadings of her daughters requesting termination of the trust and distribution of the trust assets to them.

After the hearing the court terminated the trust and ordered the assets delivered to Karolen Newton and Louise Purvis. It made the following findings and conclusions, among others, in support of its rulings: that the primary purposes of the trust were (1) to provide a lifetime income for the testatrix's husband, Rexford S. Cozby, and (2) to provide for the education of Warren S. Wilkinson, Jr., Susan Arnette, and Karolen Wilkinson; that the provision for income to Karolen Newton and Louise Purvis was only an incidental purpose of the trust; that the three educational beneficiaries of the trust have either completed their education or elected not to accept benefits under the trust; that all of the direct and contingent beneficiaries of the trust have consented to its termination; and that no primary purpose of the trust would be frustrated by terminating the trust and distributing the assets to Karolen Newton and Louise Purvis in accordance with the agreement of the beneficiaries.

The Bank and the guardian ad litem are the appellants. They do not question the finding that the three educational benefici-

aries have completed their schooling and renounced any right of further benefits under the trust. However, they do question the court's determination that the provision for income to Karolen Newton and Louise Purvis was merely an incidental purpose of the trust. Rather, they say that a primary purpose of the trust was to provide for payment of income to each of those two beneficiaries during their lifetimes. They base this contention on assumptions that under the terms of the trust it must continue "during the remainder of the lifetime of the last survivor of . . . Rexford S. Cozby, Karolen Newton, and Louise Purvis" unless terminated earlier only at the option of the Bank because of insufficient income, and that the direction in the last paragraph of the trust for distribution of assets to Karolen Newton and Louise Purvis on "final termination" refers only to a termination by the Bank for want of sufficient income. We disagree with this construction of the will.

We have set forth the pertinent parts of the will virtually in full because we believe they plainly show that the primary purposes for which Mrs. Cozby created the trust were to provide income for her husband during the remainder of his lifetime, and to provide for the education through college for each of the three student beneficiaries. These purposes have been fulfilled. The trust also plainly shows that the payment of income benefits to Karolen Newton and Louise Purvis was merely a minor or incidental purpose. They are not named as lifetime income beneficiaries. The testatrix did not intend to guarantee continuing, regular support from the income, or any support, for Karolen Newton and Louise Purvis during the term of the trust, as she did for the other beneficiaries. This is evidenced by the provision that any income payments to them must come only from any excess remaining after the needs of the student beneficiaries are met. It is evidenced also by the fact that the provision for payment of "excess income" to them was not included in the same paragraph in which the provisions for regular income expenditures are contained.

The present value of the trust estate is $450,000. The appellants argue that the trust has not terminated because Karolen Newton and Louise Purvis are not deceased and because there are sufficient assets to justify the continuance of the trust. They base this argument on the language contained in the second paragraph of the trust set forth, above. The appellants' construction of this language places it directly in conflict with the "ultimate beneficiaries" status accorded Karolen Newton and Louise Purvis in the last paragraph of the trust to receive the assets remaining on "final termination" of the trust, and would mean that these two beneficiaries specifically designated by Mrs. Cozby to finally receive the corpus of the trust would never do so. We cannot agree with this construction. To follow it would simply permit the Bank to continue the trust for an incidental purpose and collect an annual fee as Trustee after the primary purposes of the Trust have been accomplished. If the main object of a trust has been attained, the trust will not be continued in order to achieve an incidental or minor purpose. Equity will decree its termination. *Alamo National Bank of San Antonio v. Daubert*, 467 S.W.2d 555, 561 (Tex.Civ.App., Beaumont 1971, writ ref. n. r. e.). Additionally, a trust may be terminated upon the application of all beneficiaries when they are sui juris and no subversion of the wishes of the trustor will be caused by the termination. 57 Tex.Jur.2d 417, Trusts, § 35; 76 Am.Jur.2d 324, Trusts, § 76; Restatement of Trusts, Second Edition, § 337; Bogert, Trusts And Trustees (2d ed. 1962), § 1007. For these reasons, the trust in question was properly terminated by the court.

The appellants' points and contentions are overruled. The judgment is affirmed.