

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00064-CV

---

ESTATE OF CHARLES EDWARD LONG, DECEASED

---

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2020-0295-E

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Appellants, Larry Thomas Long (Larry), as executor of the Estate of Charles Edward Long; Larry Thomas Long and Lawrence Allan Long (Allan), individually and as co-trustees of the John Stephen (Stephen)[1] Long Trust, the Charles Edward Long Trust, the Lawrence Allan Long Trust, and the Larry Thomas Long Trust; and Lawrence Allan Long, as trustee of the H. L. Long Trust (collectively Appellants), bring this appeal challenging (1) the trial court's granting of summary judgment in favor of Appellee, Barbara Ann Zazulak, and (2) the denial of Appellants' summary judgment motion. In five issues, Appellants argue that the trial court erred by determining that the residuary clause of Charles Edward Long's (Decedent's) Last Will and Testament (Will) lapsed and that the residue of the Decedent's estate passed via intestacy to Zazulak. Because we find that the terms of the Will are unambiguous and the residuary clause lapsed, we affirm the judgment of the trial court.

## I.      Background

In the 1950s, H. L. Long and Bettye Virginia Long created four trusts, one for each of their four sons: Decedent, Larry, Allan, and Stephen. Each of the trusts stated that they were to terminate upon the beneficiary turning thirty years old. In 1972, Zazulak was born to Decedent and his then wife. Decedent began divorce proceedings in 1975, and in 1976, at age twenty-seven, Decedent created his Will.

On January 3, 2020, Decedent passed away. On August 13, 2020, Larry submitted Decedent's Will to probate, which was admitted to probate by order on August 24, 2020. The

---

[1]The Will references the John Steven Long Trust; however, the parties do not dispute that it was intended for John Stephen Long. To avoid confusion, we reference Stephen throughout.

order also appointed Larry as independent executor of Decedent's Will and estate. On December 11, 2020, Zazulak filed her original petition to set aside the order admitting the Will to probate. Her petition alleged that the Will was revoked or, alternatively, the result of undue influence. Larry answered with a general denial of all allegations. Zazulak then amended her petition, asserting the same allegations but also arguing that, if the trial court found that the Will was valid, she sought a declaration that she was the beneficiary of Decedent's residuary estate via intestacy. Zazulak asserted that the trusts of Decedent's brothers had lapsed as of their thirtieth birthdays prior to Decedent's death and, thus, were no longer in existence at the time of Decedent's death. It is undisputed that Decedent's mother did not survive him, and as a result, Zazulak argued that the residuary estate should pass to her. The challenged portion of the Will states as follows:

SECTION IV.

All the rest and residue of my estate, of every kind and character, real, personal and mixed, including without limitation all the real property, mineral interests and other assets comprising the CHARLES EDWARD LONG TRUST, made and entered into the l5th day of October, 1957, by and between H. L. LONG and BETTY[E] VIRGINIA LONG, together with any and all amendments thereto, I give, devise and bequeath in equal shares unto the H. L. LONG, LAWRENCE ALLEN LONG, JOHN [STEPHEN] LONG, and LARRY THOMAS LONG TRUSTS so long as the beneficiaries for whom those trusts are named survive me. In the event any such beneficiary predeceases me, I give, devise and bequeath his share unto my mother, BETTYE VIRGINIA LONG, if then living, and, if not living, then in equal share unto the trusts whose named beneficiaries survive me.

Appellants responded again with a general denial. Zazulak moved for summary judgment, attaching as evidence the two trusts created on behalf of Appellants in the 1950s, Decedent's Will, some discovery, trust tax returns, agreements related to the trusts, and IRS

3

documents. In her summary judgment motion, Zazulak argued that the bequest to Stephen's trust failed because Stephen died before Decedent, which is undisputed. She next argued that the bequests to the remaining trusts lapsed because those trusts terminated prior to Decedent's death. Zazulak stated in her motion that the "unambiguous language of the Will establishes that Decedent only intended to leave bequests to the trusts named for Larry and Allan that existed on the date of the Will. Because those trusts terminated before Decedent's death, the bequests to them lapsed and Decedent's residuary estate passes via intestacy."

Appellants, however, contend that the bequests did not lapse because, even though they agree that the trusts, by their language, expired upon their thirtieth birthdays, Larry and Allan argue that the trusts were continued, or in the alternative, new trusts were created to replace the original 1950s' trusts prior to Decedent's death. In their cross-motion for summary judgment, Appellants argued that the trial court must enter judgment against Zazulak because (1) Zazulak "is not an 'interested person' as defined by the Texas Property Code" and accordingly does not have the authority to challenge the existence of the trusts at issue, (2) "the undisputed material facts establish that the Decedent intended for his brothers' trusts—whether those were the 'original' trusts or 'new' trusts formed pursuant to agreements extending the original trusts—to benefit under the Will", and (3) "the undisputed material facts establish that the 'original' [trusts] have existed continuously since the date of their creation" in the 1950s.

After a hearing on the cross-motions for summary judgment, the trial court granted Zazulak's motion and denied Appellants' motion, finding that the entire residue of Decedent's estate passed to his heirs-at-law. Appellants appealed from that order, and because a

4

determination as to heirship had not been made and thus not all parties and issues were disposed of, no final order was presented, and we dismissed the matter for lack of jurisdiction. *See Est. of Long*, No. 06-23-00025-CV, 2023 WL 4240230, at *1 (Tex. App.—Texarkana June 29, 2023, pet. denied) (mem. op.). After our dismissal, the trial court held a hearing and subsequently entered an order declaring Zazulak to be Decedent's sole heir. An amended order was also entered granting Zazulak's summary judgment motion, denying Appellants' summary judgment motion, and declaring that the "bequest contained in Section IV of the . . . Will lapsed, and the entire residue of the [Decedent's] estate passe[d] to his heir-at-law." The Appellants appeal.

## II.    Standard of Review and Applicable Law

"We review summary judgments de novo." *Knopf v. Gray*, 545 S.W.3d 542, 545 (Tex. 2018) (per curiam). In such a review, all evidence favorable to the nonmovant is assumed true, along with every reasonable inference to be drawn from the evidence, with any doubts resolved against the summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *City of Wolfe City v. Am. Safety Cas. Ins. Co.*, 557 S.W.3d 699, 702 (Tex. App.—Texarkana 2018, pet. denied).

Generally, the construction of a will is a power reserved to the trial court that may be exercised in a summary judgment proceeding. *In re Est. of Bean*, 206 S.W.3d 749, 762 (Tex. App.—Texarkana 2006, pet. denied); *Parker v. Parker*, 131 S.W.3d 524, 530 (Tex. App.—Fort Worth 2004, pet. denied).

> The trial court's primary objective in construing a will or trust is to determine the intent of the maker. *See White v. Moore*, 760 S.W.2d 242, 243 (Tex. 1988); *Henderson v. Parker*, 728 S.W.2d 768, 770 (Tex. 1987); *Moody v. Pitts*, 708 S.W.2d 930, 945 (Tex. App.—Corpus Christi[–Edinburg] 1986, no writ). To

5

do so, the court must look to the language within the four corners of the trust instrument. *See Henderson*, 728 S.W.2d at 768; *Moody*, 708 S.W.2d at 935. If possible, the court should construe the instrument to give effect to all provisions so that no provision is rendered meaningless. *See Moody*, 708 S.W.2d at 935; *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). If the court can give a "certain or definite legal meaning or interpretation" to the words of an instrument, the instrument is unambiguous and the court may construe it as a matter of law. *Coker*, 650 S.W.2d at 393. If, on the other hand, the meaning of the instrument is uncertain or "reasonably susceptible to more than one meaning," the instrument is ambiguous. *Id.* Whether an instrument is ambiguous is a question of law for the trial court, and if the instrument is ambiguous, its interpretation presents a fact issue precluding summary judgment. *Id.* at 394.

*Myrick v. Moody*, 802 S.W.2d 735, 738 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

## III. The Language of the Will is Unambiguous

In construing a will, our focus is on the testator's intent, which is "ascertained by looking to the provisions of the instrument as a whole, as set forth within the four corners of the instrument." *Stephens v. Beard*, 485 S.W.3d 914, 916 (Tex. 2016) (per curiam) (quoting *Perfect Union Lodge No. 10, A.F. and A.M. v. Interfirst Bank of San Antonio, N.A.*, 748 S.W.2d 218, 220 (Tex. 1988)). "Thus, '[t]he court should focus not on "what the [testator] intended to write, but the meaning of the words [he] actually used."'" *Id.* (quoting *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000) (alterations in original)).

"If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous, and the court will construe the contract as a matter of law." *Coker*, 650 S.W.2d at 393 (citing *Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 157 (1951)); *see San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000).

6

> If the will is unambiguous, a court should not go beyond specific terms in search of the testatrix's intent. *Frost Nat'l Bank v. Newton*, 554 S.W.2d 149, 154 (Tex. 1977) (noting that absent an express statement in the will, a court cannot make ad hoc assessments of what the testator believed to be "primary" versus "incidental" purposes). This Court has long held that when there is no dispute about the meaning of words used in a will, extrinsic evidence will not be received to show that the testatrix intended something outside of the words used. *Lehman v. Corpus Christi Nat'l Bank*, 668 S.W.2d 687, 688 (Tex. 1984); *Newton*, 554 S.W.2d at 153; *Huffman*[*v. Huffman*], 339 S.W.2d [885,] 888 [(Tex. 1960)]. This Court has also said that a "court may *always* receive and consider evidence concerning the situation of the testator, the circumstances existing when the will was executed, and other material facts that will enable the court to place itself in the testator's position at the time." *Stewart v. Selder*, 473 S.W.2d 3, 7 (Tex. 1971) (emphasis added); *see also Kelley v. Marlin*, 714 S.W.2d 303, 305 (Tex. 1986). But this broad approach to the admissibility of extrinsic evidence applies only when a term is open to more than one construction. *See Lehman*, 668 S.W.2d at 689.

*Lang*, 35 S.W.3d at 639.

While Appellants present an alternative argument in their briefing should we find the Will ambiguous, both parties assert that the language in the Will is unambiguous. When read in its plain terms, Section IV of the Will bequeathed the residuary of Decedent's estate to Decedent's three brothers' trusts so long as the beneficiaries for those trusts survived him. The language is clear, and the words used express the Decedent's intent. We find the Will to be unambiguous.

## IV. Did the Bequests Lapse?

The parties agree that the Will bequeaths Decedent's residuary estate to the trusts of the Appellants; however, Zazulak presented evidence that those trusts in existence at the time the Will was drafted no longer existed, by their own terms, at the time of Decedent's death. *See Stewart*, 473 S.W.2d at 7. As a result, the crux of this matter is and the issue before the trial

7

court was whether the Will intended to leave the residuary estate to newly created or extended versions of the original trusts bearing the same name as the original trusts.

The Texas Estates Code states:

> (a)     A testator may validly devise property in a will to the trustee of a trust established or to be established:
>
>> (1)     during the testator's lifetime by the testator, the testator and another person, or another person, including a funded or unfunded life insurance trust in which the settlor has reserved any or all rights of ownership of the insurance contracts; or
>>
>> (2)     at the testator's death by the testator's devise to the trustee, regardless of the existence, size, or character of the corpus of the trust, if:
>>
>>> (A)     the trust is identified in the testator's will; and
>>>
>>> (B)     the terms of the trust are in:
>>>
>>>> (i)     a written instrument, other than a will, executed before, with, or after the execution of the testator's will; or
>>>>
>>>> (ii)     another person's will if that person predeceased the testator.

TEX. EST. CODE ANN. § 254.001(a). The Texas Estates Code allows for a will to devise property to a trust that is not in existence at the time the will is drafted. *Id.* Appellants assert that the Will *could* have left the residuary estate to trusts not yet in existence as of the date of drafting; however, there is no dispute that the trusts named in the Will had already been created at the time Decedent drafted the Will. Accordingly, a plain reading of the Will shows that Decedent intended to leave the residuary of his estate to those trusts already existing for his brothers, and likewise, it cannot be said that Decedent's Will intended to leave the residuary estate to trusts not

8

yet in existence. *See Frost Nat'l Bank*, 554 S.W.2d at 154 (stating that, if the will is unambiguous, a court should not go beyond specific terms in search of the testatrix's intent).

By their own terms, the trusts expired upon the thirtieth birthdays of the named beneficiaries, which occurred prior to the death of Decedent. Although that competing evidence might raise a fact question, we could consider that evidence only if we found an ambiguity in the Will. *See Stewart*, 473 S.W.2d at 6. Because we have held that the Will is unambiguous, we will not consider that evidence. *See id.*; *Lang*, 35 S.W.3d at 639. Thus, the trial court did not err when it determined that the residuary clause containing the bequest to the trusts had lapsed and in granting summary judgment in Zazulak's favor. We overrule Appellants' first issue.[2]

## V.     Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     March 11, 2025
Date Decided:       April 29, 2025

---

[2]Having determined that the trial court did not err in its finding that the residuary estate passed intestate to Zazulak, we need not address Appellants' remaining issues presenting alternative arguments asserting the trial court's error. *See* TEX. R. APP. P. 47.1.